ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
2/16/2022 2:42 PM
By: Narzralli Baksh, Deputy

RON BAMIEH (SBN 124088)
    rbamieh@bamiehdesmeth.com
DANIELLE DE SMETH (SBN 263309)
    ddesmeth@bamiehdesmeth.com
MONIQUE L. FIERRO (SBN 304210)
    mfierro@bamiehdesmeth.com
**BAMIEH & DE SMETH, PLC**
692 E. THOMPSON BOULEVARD
VENTURA, CA 93001
T: (805) 643-5555 | F: (805) 643-5558

**Attorney for Plaintiff TANIA P.**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA BARBARA

| | |
|---|---|
| TANIA P., an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and Does 1 - 10, Inclusive,<br><br>    Defendants. | Case No.: 22CV00635<br><br>**COMPLAINT**<br><br>1. Title IX 20 U.S.C.A. § 1681 et seq.<br>2. Education Code §§ 200 et seq. & 220 – Education Discrimination |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    Plaintiff Tania P. ("Plaintiff" or "Tania P."), by and through her attorneys, seeks damages for injuries caused by Defendants and DOES 1-10, and hereby alleges and avers as follows:

### JURISDICTION AND VENUE

1.     The subject matter of this action is as set forth in the following Complaint, and is broadly described as an action to address (a) the deprivation of Plaintiff's right to be free of gender violence and sexual violence; (b) and recovery for state law and federal claims arising which arise out of the same common operative facts as the aforementioned claims.

-1-

Complaint

-2-

2. This court has personal jurisdiction since Defendants reside in and/or are doing business in the County of Santa Barbara and the events giving rise to this claim occurred in the County of Santa Barbara.

3. Venue is proper since Defendants reside in and/or are doing business in the County of Santa Barbara and the events giving rise to this claim occurred in the County of Santa Barbara.

4. Plaintiff has complied with and/or exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, and/or is excused from complying therewith.

## THE PARTIES

5. At all times relevant to the claims asserted herein, Plaintiff Tania P. was a college student residing in the county of Santa Barbara, California who attended the University of California, Santa Barbara ("UCSB").

6. Plaintiff TANIA P. was 19 years old at the time of injury. The true name and identity of Tania P. is withheld in this Complaint to protect Plaintiff from unwarranted and unwanted publicity, sensationalism, or attention in this public filing and is not being withheld for any improper purpose.  Her identity should not be made public due to her age and the sensitive and private nature of the sexual assault she suffered.  Due to these confidentiality concerns, Plaintiff's identity has been disclosed to Defendants prior to the service of this Complaint but on a separate document that should not be made a part of the public file.

7. At all times relevant to this action, Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNA ("Defendant Regents" or "The Regents") was a public university operating the University of California, Santa Barbara campus located in the County of Santa Barbara, California and was funded by the state of California and other federal funds.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants identified herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff alleges that each of the defendants designated herein is legally responsible in some manner for the events and happenings referred to and proximately caused injury and damages to Plaintiff as alleged herein

or in the Complaint. Each such Doe Defendant was the agent, employee of, or acting under the direction of all other Defendants and in doing the things alleged was acting with the scope and purpose of said agency and/or employment.

## FACTS AND ALLEGATIONS

9. At all relevant times, Plaintiff Tania P. was a student at the University of California Santa Barbara.

10. On May 20, 2018, Juan Cardona a resident within the Gama Zeta Alpha Fraternity house sexually assaulted and raped Plaintiff, who was incapacitated and unable to provide consent after being given numerous alcoholic beverages at the fraternity.

11. Plaintiff reported the rape to the UCSB Title IX office on or about June 28, 2019 and completed a Title IX complaint on or about July 22, 2019.

12. Plaintiff also reported the rape to law enforcement and submitted to a SART exam.

13. The Title IX office failed to initiate an investigation until on or about February 25, 2020, despite numerous requests from Plaintiff that the investigation proceed without delay. This seven (7) month delay was clearly unreasonable under the circumstances.

14. Plaintiff did not authorize a hold or delay in the investigation process.

15. The Title IX office further delayed and did not complete the investigation until on or about November 2, 2020.

16. The approximately 15-month delay was clearly unreasonable under the circumstances because Plaintiff did not authorize any hold or delay and because the delay resulted in the inability of the university to provide any effective measures in response to the complaint of sexual assault as the assailant had already graduated by the termination of the investigation process. Thus, The Regents' response to the complaint of sexual assault resulted in a decision not to remedy the violation as it left Plaintiff without any effective relief or remedies.

17. Furthermore, during the delayed investigation, Defendant Regents failed to take timely and reasonable corrective actions to ensure that the Fraternity did not continue to pose a threat of harm to Plaintiff whose members she continues to remain in fear of and continued to risk exposure to on the UCSB campus.

18. Plaintiff communicated her fears of the Fraternity to the Title IX office and her request for interim measures that the fraternity be suspended or sanctioned as result of the assault; however, no actions were taken against the Fraternity to Plaintiff's knowledge.

19. During the delayed investigation Plaintiff requested university housing to keep her safe from her assailant's presence in Isla Vista where she resided in close proximity to the Fraternity. She saw him numerous times in Isla Vista causing her to run away and have severe panic attacks.

20. The Regents failed to provide Plaintiff with safe university housing and as a result Plaintiff suffered extreme fear, anxiety and depression causing her to fear leaving her residence. Thus, she missed several academic classes and opportunities and failed courses, which she is still struggling to overcome emotionally and academically.

21. The delayed Title IX investigation during which Plaintiff did not have safe housing away from her assailant caused Plaintiff to suffer an extreme deterioration of her mental health and led to multiple suicide attempts and deep depression. Plaintiff's grades and academic standing suffered tremendously as she failed and withdrew from numerous courses. Despite requests for help, The Regents failed to provide Plaintiff with sufficient academic accommodations to help her access her education and make educational progress. Instead, The Regents placed her on academic probation, and attempted to remove her from the University. Plaintiff had to beg the University to allow her to return and complete her courses needed to graduate.

22. On or about November 2, 2020, the Title IX office issued a false and irrational report that failed to substantiate Plaintiff's complaint of rape despite objective evidence including a rape kit, PTSD diagnosis and symptoms, and witness accounts corroborating that the sexual act occurred, and that Plaintiff was given and drank substantial alcohol incapacitating her and rendering her unable to provide affirmative consent.

23. There was no dispute that Mr. Cardona engaged in sexual conduct and sexual intercourse with Plaintiff, but The Regents' Title IX office disputed Plaintiff's claim of incapacitation and lack of affirmative consent.

24. The Regents' response to Plaintiff's complaint of rape was clearly unreasonable under the circumstance because it failed to fully investigate and evaluate Plaintiff's claim that she did not affirmatively consent to sexual assault in addition to her claim of incapacitation.

25. The Title IX office's report was irrational and clearly unreasonable under the circumstances as it failed to include an analysis of affirmative consent despite evidence from witnesses to that effect.

26. The Title IX office's report was irrational and clearly unreasonable under the circumstances and constitute a decision to not remedy the violation as it ignored evidence that Plaintiff consumed a substantial amount of alcohol rendering her incapacitated and unable to provide affirmative consent.

27. The Title IX office's report was irrational and clearly unreasonable under the circumstances as it further delayed Plaintiff's access to a resolution and remedies to her report of rape.

28. The Title IX office's report was irrational and clearly unreasonable under the circumstances as it included false and inflammatory statements and conclusions that caused Plaintiff severe emotional distress. For example, the Title IX report falsely reported the timeline and location of events resulting in inaccurate conclusions and opinions.

29. Furthermore, throughout the delayed investigation, the Title IX office agents made several victim blaming statements toward Plaintiff severely exacerbating her fragile mental health.

30. The Title IX office's failure to issue a reasonable report based on the evidence available and failure to investigate and assess whether Plaintiff provided affirmative consent caused Plaintiff severe emotional distress including symptoms of suicidal ideation. Further it let Plaintiff to feel even more unsafe at UCSB.

31. Plaintiff appealed the Title IX decision failing to substantiate her claim of rape.

32. The Regents denied Plaintiff effective access to her legal representation at the Title IX hearing as she was required to do all speaking, testifying, and question all witnesses without the assistance of her attorney or advocate who were prevented from speaking.

33. On or about May 14, 2021, Plaintiff participated in a fact-finding appeal hearing. The appeal hearing officer concluded in a report dated May 19, 2022, that it was more likely than not that Plaintiff was incapacitated and unable to provide affirmative consent and further that Mr. Cardona knew or should have known of her condition and therefore violated the University's Sexual Violence and Sexual Harassment Policy prohibiting sexual assault.

34. On or about May 26, 2021, The Regents finally issued a determination sanctioning Mr. Cardona for the minimum allowed 2-year suspension. This determination failed to provide Plaintiff with any effective remedy or relief as Mr. Cardona had already graduated as of the date of the determination and the prior Title IX report. Thus, this response to the substantiated finding of sexual assault was clearly unreasonable under the circumstances and reflects a decision not to remedy the violation.

35. Additionally, Defendant Regents failed to sanction the Fraternity appropriately and prevent it from holding social functions despite its knowledge that the Fraternity had a history and pattern and practice of sexually harassing females, assaulting females, binge drinking, and attempting to get females intoxicated to the point of incapacitation.

36. Public university documents provided to Plaintiff's counsel in June of 2021 confirm that there were at least 3 complaints of rape and/or sexual assault against members of the Gamma Zeta Alpha in 2017 prior to the assault on Plaintiff. In one case, the University confirmed that one member of the Gamma Zeta Alpha fraternity was alleged to have committed two different sexual assaults.

37. Defendant Regents knew or should have known that the Fraternity posed a risk of sexual harassment and assault to female students, including Plaintiff.

38. Defendant Regents failure to prevent the Fraternity from holding social functions where it would continue to engage in binge drinking and predatory conduct toward women resulted in the foreseeable harms Plaintiff suffered.

39. Based on Defendant Regents knowledge of the foreseeable harms posed by the Gamma Zeta Alpha fraternity and its members and residents, The Regents had a duty to keep Plaintiff

safe from these known harms but failed to do so and as a result Plaintiff suffered the sexual assault.

40. Employees and administrators of Defendant Regents who had the authority and agency to take corrective action and to institute interim measures to protect Plaintiff from further harms of ongoing sexual harassment, discrimination, other acts of harassment, and ongoing threat of harassment she has continued to face since the incident, took insufficient interim measures against the Fraternity.

41. Plaintiff has received and continues to receive ongoing treatment and therapy for the emotional distress she suffered because of The Regents failure to provide her with a safe campus and their failure to respond reasonably to her complaint of sexual assault.

42. Plaintiff's mental health has been severely affected resulting in a negative impact on her daily living activities and her ability to access her education and educational opportunities as a student at UCSB. This includes her inability to regularly attend classes due to her increased fear, anxiety, PTSD, and depression.

43. Defendant Regents' Title IX office told Plaintiff in writing and in person that she was not allowed to discuss the allegations under investigation and threatened her by stating if she did so, she could face charges of retaliation.

44. Defendant Regent's restriction of Plaintiff's ability to discuss the allegations under investigation violated her Title IX rights under 34 C.F.R. § 106.45(b)(5)(iii).

45. Defendant Regents has a policy and practice of threatening all complainants of sexual assault with charges of retaliation, preventing complainants like Plaintiff from accessing support from their family and friends during the investigation.

46. Defendant Regent's UCSB Title IX office failed to conduct a timely investigation of Plaintiff's complaints of rape and sexual assault. The delay was unreasonable and caused Plaintiff severe and irreparable harms to her mental health, wellbeing, and equal access to education.

47. Plaintiff suffered academically, socially, and emotionally because of the Regents failure to protect her and was unable to participate fully as student at UCSB.

48. Defendant's provision of a CARE Advocate was not sufficient as the CARE Advocate's office only acted in a limited capacity to assist with communication efforts with the Title IX office and the University, which went ignored or denied by The Regents such as the request for safe housing.

49. Therefore, the provision of a CARE Advocate did not provide Plaintiff with meaningful assistance or services.

50. Defendant Regents handling of Plaintiff's Title IX complaint was so delayed, defective and deficient that it constituted deliberate indifference toward Plaintiff.

51. Plaintiff ultimately regretted submitting the Title IX complaint to the University because she was victim blamed throughout the process by the Title IX office and the delayed investigation and failure to provide her with meaningful interim measures led to suicide attempts and extreme deterioration of her mental health and academic progress. Moreover, she was ultimately not provided with any meaningful relief as the assailant graduated by the time The Regents finally substantiated the sexual assault.

52. As a result of Defendant Regents' failure to keep Plaintiff safe, failure to provide her with an educational environment free from sexual assault and sex discrimination, and the failure to complete a timely, fair, complete and impartial Title IX investigation, Plaintiff has suffered emotional distress that has impacted her ability to access equal educational and employment opportunities with the University of California.

## FIRST CAUSE OF ACTION

TITLE IX 20 U.S.C.A. § 1681 ET SEQ.

(Against Defendant Regents and Does 1-10)

53. Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

54. At all times relevant, Defendant Regents exercised substantial control over the assault and the fraternity where the sexual assault occurred on May 20, 2018.

55. Plaintiff suffered a sexual assault and sex discrimination, which was so severe, pervasive, and objectively offensive that it can be said to deprive her of access to educational opportunities and/or benefits provided by Defendant Regents.

56. Defendant Regents had actual knowledge of the sexual assault perpetrated on Plaintiff.

57. Defendant Regents acted with deliberate indifference to the known sexual assault perpetrated on Plaintiff.

58. Examples of The Regent's conduct constituting deliberate indifference includes but is not limited to: failing to provide Plaintiff with reasonable academic accommodations, failing to provide Plaintiff with safe housing away from her assailant, failing to conduct a timely Title IX investigation, and failing to provide Plaintiff with an educational environment free from sex discrimination.

59. Defendant Regent's conduct constituting deliberate indifference caused Plaintiff to undergo ongoing fear on the UCSB campus and negatively affected her ability to access her education.

60. Defendant Regent's Sexual Violence and Sexual Harassment Policies are inadequate as written and as applied resulting in further violations of Plaintiff's rights under Title IX.

61. Wherefore, Plaintiff seeks general and special damages, compensatory damages in an amount to be proven at trial and attorneys' fees and costs.

### SECOND CAUSE OF ACTION
EDUCATION DISCRIMINATION
EDUCATION CODE §§ 200 et seq. and 220
(Against Defendant Regents and Does 1-10)

62. Plaintiff re-alleges and incorporates by reference all the allegations above and below as though fully set forth herein.

63. Defendant Regents has an affirmative obligation to combat "sexism, and other forms of bias, and responsibility to provide equal educational opportunity" under Education Code 201.

64. Defendant Regents failed in its affirmative obligation to provide Plaintiff with the opportunity to participate fully in the educational process, free from discrimination and

harassment.

65. Defendant Regents denied Plaintiff full and equal accommodations, advantages, privileges, and services as a student because of her sex and because report of sexual assault and battery.

66. Defendant Regents discriminated against Plaintiff on the basis of her sex and/or gender which denied her full and equal accommodations, advantages, privileges, and services as a student of the university.

67. Plaintiff's sex was a motivating reason for Defendant Regents' conduct.

68. Plaintiff suffered a sexual assault and discrimination that was so severe pervasive, and offensive that it effectively deprived her of the right to equal access to educational benefits and opportunities.

69. Defendant Regents had actual knowledge of the sexual assault suffered by Plaintiff.

70. Defendant Regents acted with deliberate indifference in the face of that knowledge.

71. Defendant Regents responses to Plaintiff's report of the sexual assault were clearly unreasonable in light of all the known circumstances.

72. Plaintiff was harmed and suffered loss of educational access, educational opportunities, education benefits, thereby resulting in economic damages, humiliation, and emotional distress.

73. Defendant Regents' conduct was a substantial factor in causing Plaintiff harm and her resulting injuries.

74. Wherefore, Plaintiff seeks general and special damages, compensatory damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

From Defendant The Regents of the University of California:

1. For pre-judgment interest pursuant to Civil Code section 3287 et. seq. and/or any other provision of law providing for pre-judgment interest;
2. For general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial;

-10-

Complaint

3. For special damages in an amount to be proven at the time of trial;
4. For compensatory damages and other economic damages according to proof;
5. For costs of suit herein incurred;
6. For attorney's fees and costs under Title IX;
7. For injunctive relief requiring Defendant Regents to amend their Title IX policies;
8. For specific relief as allowed by law; and
9. For such other further relief as the Court may deem just and proper.

**Dated:** February 16, 2022                **BAMIEH & DE SMETH, PLC**

*[signature: Monique J. Fierro]*
RON BAMIEH
DANIELLE DE SMETH
MONIQUE L. FIERRO
**Attorneys for Plaintiff**

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial on all causes of action for which a jury is available under the law.

**Dated:** February 16, 2022                **BAMIEH & DE SMETH, PLC**

*[signature: Monique J. Fierro]*
RON BAMIEH
DANIELLE DE SMETH
MONIQUE L. FIERRO
**Attorneys for Plaintiff**