Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorneys for Defendant, The Regents of the University of California

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA P., an individual,<br><br>Plaintiff<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1-10, Inclusive.<br><br>Defendants. | CASE NO.: 2:22-cv-02959-GW-MRW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>DATE: November 17, 2022<br>TIME: 8:30 a.m.<br>CRTRM: 9D |

Defendant The Regents of the University of California, by and through its attorneys, hereby requests the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following facts:

1. The "University of California, Santa Barbara Local Procedures for Reported Student Violations of the UC Policy on Sexual Violence and Sexual Harassment," policy attached hereto as **Exhibit 1**.

2. "The University of California-Policy SVSH, Sexual Violence Sexual Harassment," policy attached as **Exhibit 2**.

3. The "COVID-19 Response Update and Winter/Spring Quarter Guidance" memorandum from the Office of the Chancellor to all members of the University community, attached as **Exhibit 3.**

The Regents requests this Court take judicial notice of these documents for the following reasons:

<u>Exhibit 1, 2, 3: University Sexual Assault Policies and Procedures and Procedures and Chancellor's Memo</u>

Upon a properly supported request by a party, a federal court may take judicial notice of adjudicative facts. Fed.R.Evid. 201(a), (d). Facts subject to judicial notice are those which are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The University policies and procedures for responding to sexual assaults are referenced throughout Plaintiff's First Amended Complaint ("FAC"), and the authenticity of the document cannot reasonably be questioned.

While a court may generally not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a document is not considered "outside" the complaint if the complaint specifically refers to the document and its authenticity cannot be questioned. *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir.1982). As the court explained in *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994), overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002), " 'when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading.' " *Branch,* 14 F.3d at 453-54, citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327, at 762-63 (2d ed. 1990).

In the present case, the FAC references the University's policies and procedures throughout, alleging the policies are insufficient, yet does not attach the policies. Further, the policies' authenticity cannot be questioned.

First, there are numerous references to the University's sexual assault policies and procedures in the FAC. *See, e.g.,* Dkt. 1-1, ¶¶ 45, 60, Prayer for Relief 7. Despite references to the policies, and allegations of failure to comply with the policies, Plaintiff failed to attach the complete policies and procedures applicable to her claim. Because Plaintiff has failed to introduce pertinent portions of this document which support the defense, The Regents may introduce the complete copy of the documents as an exhibit in support of its motion to dismiss.

Second, the policies and procedures cannot reasonably be questioned on an authenticity basis. Plaintiff received the sexual assault policies and procedures upon her enrollment as a student. All the policies and procedures are also available on the University's website, at http://www.sa.ucsb.edu/policies/sexual-assault-policy. There are no allegations relating to the authenticity of the document; rather, Plaintiff contends The Regents failed to adhere to the policies, or alternatively, that the policies are inadequate, while The Regents contends it did adhere to the policies and the policies are adequate. The Court should therefore have these documents, referenced throughout the FAC, when deciding on the motion to dismiss.

Finally, the Chancellor's memo cannot reasonably be questioned on an authenticity basis. The memos are distributed to the University community and publicly available on the University's website: https://chancellor.ucsb.edu/memos/2020-03-10-covid-19-response-update-and-winterspring-quarter-guidance. The memorandum is being offered solely to show that the University transitioned to remote learning on March 10, 2020, in response to COVID-19, again a fact that is not reasonably in dispute.

For these reasons, The Regents requests the Court take judicial notice of the sexual assault policies and procedures attached hereto as **Exhibit 1 and 2,** and the Chancellor's March 10, 2020, memo, attached as **Exhibit 3**.

| | | |
|---|---|---|
| Dated: September 16, 2022 | | NYE, STIRLING, HALE & MILLER, LLP |

By: _____
Jonathan D. Miller, Esq.
Alison M. Bernal, Esq.
Attorneys for Defendant, REGENTS OF THE UNIVERSITY OF CALIFORNIA